## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

BHOOM KORPOL and SRAVANI KORPOL
27903 Hawkeye Ridge Lane,
Katy, TX 77494

                        Plaintiffs,

      v.

CHAD WOLF, ACTING SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY, IN HIS OFFICIAL CAPACITY,
In care of Office of the General Counsel
245 Murray Lane, S.W.
Mail Stop 0485
Washington, DC 20528-0485,

and

U. S. DEPARTMENT OF HOMELAND
SECURITY,
In care of Office of the General Counsel
245 Murray Lane, S.W.
Mail Stop 0485
Washington, DC 20528-0485,

                      Defendants.

Civil Action No.:

COMPLAINT

## COMPLAINT FOR REVIEW OF AGENCY ACTION UNDER THE
## ADMINISTRATIVE PROCEDURE ACT AND INJUNCTIVE RELIEF

### I.     NATURE OF THE ACTION

1.     This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and seeks this Court's review of agency action as permitted by the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA").

2.     Plaintiffs Bhoom Korpol and Sravani Korpol (collectively, "Plaintiffs"), citizens of India, seek judicial review of final agency action in case number EAC2015550248, taken against Plaintiff Bhoom Korpol and his employer, by Defendant Chad Wolf, Acting Secretary of

the Department of Homeland Security ("Defendant Wolf"), who is sued in his official capacity, and Defendant U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), along with injunctive relief to preclude enforcement of said agency action.  The challenged agency action involves the Defendants' July 8, 2020 denial, through the DHS's component agency, U.S. Citizenship and Immigration Services ("USCIS"), of his employer's petition to extend Plaintiff Bhoom Korpol's 'H-1B (specialty occupation) nonimmigrant visa status without explanation.  Defendants' denial of Plaintiff Bhoom Korpol's application also effectively denies an extension of Plaintiff Sravani Korpol's H-4 (H-1B derivative spouse) visa status, although the denial did not address her status in any way and she has not received any communication to date from USCIS regarding her extension request other than a notice of biometric collection.

3.      For reasons wholly unrelated to any willful conduct or fault attributable to Plaintiffs, but rather due to the acknowledged office failure of the employer's attorney's law firm, Plaintiff Bhoom Korpol's H-1B status lapsed briefly when his employer's attorney failed to properly and timely submit a request to change his H-1B employer.  Endeavoring to remedy Plaintiff Bhoom Korpol's lapsed H-1B status, his employer's attorney promptly filed an application on March 20, 2020 on his behalf for a change of employer, and to retroactively restore and extend his H-1B nonimmigrant visa status, accompanied by substantial documentary evidence, pursuant to the "extraordinary circumstances" provision of 8 C.F.R. § 214.1(c)(4), which allows USCIS retroactively to restore and extend nonimmigrant visa status on a *nunc pro tunc* basis.

4.      This regulation provides:

[Failure] to file before the period of previously authorized status expired may be excused in the discretion of the Service [USCIS] and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that:

2

(i)      The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances;

(ii)     The alien has not otherwise violated his or her nonimmigrant status;

(iii)    The alien remains a bona fide nonimmigrant; and

(iv)     The alien is not the subject of deportation proceedings under section 242 of the [INA] (prior to April 1, 1997) or removal proceedings under section 240 of the [INA].

5.      USCIS, acting under the authority of Defendants, took actions now challenged in this Complaint: it denied Plaintiff Bhoom Korpol's employer's request for a change in his H-1B employer and its petition to extend Plaintiff Bhoom Korpol's H-1B nonimmigrant visa status without explanation.  Plaintiffs are now faced with the prospect of attempting to return with their two U.S. citizen children to India during the COVID-19 pandemic, at risk of their and others' health and during a time when travel to India is severely restricted by federal order.  Additionally, the physician of Plaintiffs' one-year-old, U.S. citizen child has said it is dangerous for her to travel because she was born prematurely and is at elevated risk of serious respiratory infections, making her particularly susceptible to COVID.  Plaintiff Bhoom Korpol, after fourteen years in the U.S., and working for nearly twelve of those fourteen years, now faces serious disruption to his career should he now be forced to depart the U.S. along with his wife and two U.S. citizen children.

## II.      <u>JURISDICTION AND WAIVER OF SOVEREIGN IMMUNITY</u>

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the laws of the United States.  This Court also has jurisdiction to enter declaratory judgments under 28 U.S.C. § 1361, to invalidate unlawful agency actions under 5 U.S.C. § 706, and to review agency action arising under the INA, 8 U.S.C. § 1101 et. seq.  Notwithstanding 8

U.S.C. § 1252(a)(2)(B)(ii), which precludes federal court jurisdiction with respect to certain acts the authority for which is specified under the INA to be discretionary, the acts of Defendants on which this Complaint is based are not specified in the INA as discretionary.  Hence, this Court retains jurisdiction over the present dispute.  *See Fogo de Chao (Holdings) Inc. v. United States Dep't of Homeland Sec.*, 769 F.3d 1127, 1138-39 (D.C. Cir. 2014).

7.      The United States has waived sovereign immunity under 5 U.S.C. § 702.

### III.   PARTIES

8.      Plaintiff Bhoom Korpol, a citizen and domiciliary of India, has been living in the United States for the past fourteen years.  He has been in H-1B status since October 2009; prior to that, he was on F-1 (student) status from January 2007 until his status was adjusted to H-1B status in October 2009.  Plaintiff Sravani Korpol is Plaintiff Bhoom Korpol's wife, and she has been living with him in the United States for the past nine years.  She was on H-4 status from December 2011 until April 2014, on F-1 status from April 2014 until September 2016, H-1B status from October 2016 to September 2019, and she has been on H-4 status since September 2019.

9.      Defendant DHS is an "agency" within the meaning of the APA, 5 U.S.C. § 551(1).  Defendant DHS maintains several component agencies including two in particular, CBP and USCIS.  On March 1, 2003, Defendant DHS assumed responsibility from the former Immigration and Naturalization Service ("INS") to administer governmental responsibilities under the INA, and in particular to fulfill its duties under the INA to administer the immigration laws and adjudicate nonimmigrant requests for immigration benefits, including applications to extend H-1B nonimmigrant status, such as the one that is the subject of this Complaint.  On June 5, 2003, the then-Secretary of DHS delegated this authority to USCIS.  *See* DHS Delegation Number 0150.1, II. H and W.

10.     Defendant Wolf is sued in his official capacity as the Acting Secretary of DHS.

## IV.    <u>STANDING</u>

11.     Plaintiffs have a legally protected interest in receiving a lawful decision from Defendants on Plaintiff Bhoom Korpol's employer's petition to extend Plaintiff Bhoom Korpol's employer's H-1B nonimmigrant visa status pursuant to 8 C.F.R. § 214.1(c)(4), *i.e.*, a decision which must be neither arbitrary nor capricious, nor an abuse of discretion, and which is in accordance with law, as provided in 5 U.S.C. § 706(2).  Defendants' unlawful denial of the application without regard to the extensive evidence submitted to demonstrate extraordinary circumstances infringes this right.

12.     Defendants' infringement of Plaintiffs' right to a lawful decision in connection with Plaintiff Bhoom Korpol's employer's petition to extend Plaintiff Bhoom Korpol's employer's H-1B nonimmigrant visa status has caused Plaintiffs concrete and particularized injury.  This is because, as a result of this infringement, Plaintiffs' presence in the United States has been rendered *prima facie* unlawful and they, as law-abiding individuals, have no alternative but to arrange their prompt departure from the United States, thereby risking their family contracting COVID-19 or spreading it during their travel, a particular risk to their youngest child, who is only a year old, was born prematurely, and accordingly is at elevated risk of serious respiratory infections.  Moreover, United States consulates, including in India, are closed for visa services due to the COVID-19 pandemic and it is not clear when such facilities will be reopened, thus precluding Plaintiffs from obtaining new visas in a timely manner.  Finally, Plaintiffs' two children are U.S. citizens and would have to leave the only home they have ever known if they are forced to return to India indefinitely to obtain visas.

13.     In effectuating their imminent and coerced departure from the U.S., Defendants, by virtue of their challenged actions, are requiring Plaintiffs, unwillingly, to return to India

during the COVID-19 pandemic and to take extraordinary precautions to protect their own and others' health and safety.

14.     Plaintiffs' injury attributable to Defendants' unlawful actions is therefore aggravated because they will likely have no alternative but to risk their health and that of their children and other fellow travelers.  Their injury is further exacerbated by reason of Defendants' apparent determination that their presence in the U.S. is *prima facie* unlawful, which they reasonably fear could result, depending on when they are ultimately able to depart, in a prospective determination by CBP at a port of entry, or by a U.S. consular officer, that they may be subject to a three-year bar to reentry under 8 U.S.C. § 1182(a)(9)(B)(i)(I).

15.     Lastly, Plaintiffs' injury is exacerbated by the fact that, were they to remain in the U.S. in order to preserve their legal rights in this litigation, the actions of Defendants, if not remedied by this Court, may cause them to be subject, *prima facie*, to not only a ten-year bar to reentry upon their departure under 8 U.S.C. § 1182(a)(9)(B)(i)(II), but also to an order of removal as deportable aliens under 8 U.S.C. § 1229.

16.     There is a causal connection between Plaintiffs' injury-in-fact and the Defendants' challenged behavior in that it is precisely the Defendants' failure to consider evidence of extraordinary circumstances and their denial of Plaintiff Bhoom Korpol's employer's application to extend Plaintiff Bhoom Korpol's employer's H-1B nonimmigrant visa status under 8 C.F.R. § 214.1(c)(4) that prevent Plaintiffs from lawfully remaining in the United States.  Furthermore, the injury-in-fact could well be redressed by a favorable ruling in that Plaintiffs, on a *nunc pro tunc* basis, would and should be permitted to remain lawfully in or reenter the United States.

## V.      VENUE

17.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

Defendants DHS and Wolf are engaged in governmental activities and maintain offices located

in this district at 245 Murray Lane, S.W., Mail Stop 0485, Washington, DC 20528-0485, and are

thus subject to the Court's personal jurisdiction with respect to the present civil action in

question.

## VI.      FINAL AGENCY ACTION

18.      Defendants' denial of Plaintiff Bhoom Korpol's employer's petition to extend his

H-1B nonimmigrant visa status submitted on USCIS Form I-129 constitutes final agency action

under the APA and empowers this Court to review Defendants' decision.  *See* 8 C.F.R.

§ 214.1(c)(5) ("There is no appeal from the denial of an application for extension of stay filed on

Form I-129. . . ").  Moreover, in any event, there is no exhaustion requirement under the INA for

Plaintiff's claim.  APA claims are not subject to exhaustion requirements unless specifically

required by statute or regulation.  *See Darby v. Cisneros*, 509 U.S. 137, 154 (1993).  Nothing in

the INA or agency regulations permits or requires that Plaintiffs pursue an administrative appeal

of, or a motion to reopen or reconsider, a denied application to extend Plaintiff Bhoom Korpol's

employer's H-1B nonimmigrant visa status before requesting judicial review.  *Relx, Inc. v.*

*Baran*, 397 F. Supp. 3d 41, 50 (D.D.C. 2019).

## VII.      FACTUAL ALLEGATIONS

19.      Plaintiff Bhoom Korpol has been in the U.S. in H-1B status for the past twelve

years, approximately, and was in F-1 status for approximately two years prior to that.  Plaintiff

Bhoom Korpol has three Forms I-140 approved and awaiting priority date to be current for

adjustment of his status to that of legal permanent resident, including one that was approved as a

National Interest Waiver.  The INA prescribes that H-1B nonimmigrants may remain in the U.S.

for an aggregate maximum period of six years (the H-1B visa "max out") unless certain actions are taken by the H-1B worker's employer to pursue employment-based immigrant visa sponsorship on his or her behalf.  *See* Section 106(a) of the American Competitiveness in the 21st Century Act of 2000, Pub. L. 106-313, codified at 8 U.S.C. § 1184(g)(4) (requiring an approved or long-pending employer-sponsored immigrant visa petition, in which case extensions of H-1B petition validity and status may be authorized by USCIS beyond the otherwise applicable six-year max out period).  Plaintiff Bhoom Korpol received an extension of his H-1B visa status through April 17, 2022 while working for his previous employer.  Plaintiff Bhoom Korpol was laid off by his former employer due to slow business, effective January 9, 2020.

20.     The H-1B Petitioner took timely steps to ensure his status remained valid after he changed employers.  It did so by engaging a law firm ("Firm A," whose actual name is identified in the administrative record of proceedings) to initiate the steps required for a request for change of employer to be submitted.

21.     Firm A assigned an attorney ("Attorney X", whose actual name is identified in the administrative record of proceedings) to further represent the employer on behalf of Plaintiff. On February 27, 2020, while within the applicable 60-day grace period authorized under 8 C.F.R. § 214.1(l)(2) after the last day of employment with the previous employer, Attorney X filed an H-1B Change of Employer application on behalf of Plaintiff.

22.     Through an unwitting oversight and office failure, as confirmed in a March 20, 2020 letter from Attorney X that is included in the administrative record, although she submitted the correct edition of Form I-129 on Plaintiff's behalf, she submitted outdated editions of the DC and H supplements (that became outdated on February 24, 2020, only three days before the petition was initially submitted).  Neither Firm A nor Plaintiffs were aware that there was no

8

Change of Employer application pending.  It was only after Plaintiff Bhoom Korpol's H-1B

Change of Employer application was returned to Firm A on March 20, 2020, a date that was after

the 60-day grace period had expired, that it was discovered that Firm A's guidelines were not

followed by Attorney X, who was charged with filing H-1B Change of Employer applications,

and that Plaintiff Bhoom Korpol's application pursuant to the American Competitiveness in the

21st Century Act of 2000 Section 104(c) was not filed on time.

23.     As Attorney X stated in her March 20, 2020 letter included in the administrative

record, Firm A has established and maintains a compliance system with "clear guidelines" to

confirm that requests to extend the status of foreign nationals are timely filed with USCIS before

status expires.  She wrote that in this case, unfortunately, those "guidelines were not followed by

the law firm's senior personnel when mailing out Mr. Korpol's Change of Employer

application."  Attorney X further states that neither Plaintiff Bhoom Korpol nor his employer

were aware that his status had lapsed or that Firm A failed to file an extension application on his

behalf.

24.     On March 20, 2020, Firm A requested USCIS to consider his Change of

Employer application and exercise its authority to approve the application retroactively pursuant

to the "extraordinary circumstances" provision of 8 C.F.R. § 214.1(c)(4)[1], stating, in part:

> We submit that this is the perfect example of "extraordinary circumstances
> beyond the control of applicant or petitioner," as [Plaintiff's employer] and Mr.
> Korpol had reasonable expectation to rely on [Firm A] to handle the immigration
> matters relating to Mr. Korpol's Change of Employer application.  The error in
> sending outdated versions of Form I-129 was cause by [Firm A] staff not
> following the established protocols, directions, and rules in place.  Accordingly,
> we take responsibility for our actions and are deeply regretful that this happened
> to Mr. Korpol, Mr. Korpol's wife, and Petitioner.  Mr. Korpol and Petitioner are

---

[1] USCIS has as a general matter recognized potential complications in extension of status petitions due to the
COVID-19 pandemic.  See, https://www.uscis.gov/news/alerts/covid-19-delays-in-extensionchange-of-status-filings
(last visited July 29, 2020).

suffering extreme hardships because of the unfortunate circumstances that lead to
the lapse in his H-1B status.  Specifically, Mr. Korpol and his wife are now
outside the 60-day grace period at a time when there is much uncertainly and
there are travel bans as a result of the COVID-19 pandemic.  Because of the [Firm
A] error, Petitioner has suffered delays on projects for whom Beneficiary is of key
importance and that will affect its ability to deliver their priorities for their client.
This will result in a potential loss of revenue and loss of reputation.  Additionally,
if Mr. Korpol is required to return to his home country, he is fearful that he will
not be able to return to the US for an extended period give the extreme restrictions
on flights under the current COVID-19 pandemic.  Additionally, the Beneficiary
is fearful that if he is required to travel and leave the United States, he will expose
himself and his spouse to the COVID-19 virus.  We ask that the Beneficiary and
Petitioner not be made to suffer for this event that was out of their control…Mr.
Korpol remains a bona fide non-immigrant.  While Mr. Korpol is the beneficiary
of an approved I-140 petition filed by a previous employer, Mr. Korpol is seeking
a Nunc Pro Tunc H-1B Change of Employer application…  Based on the
foregoing, we humbly ask that you exercise favorable discretion on behalf of
Petitioner and Mr. Korpol, neither of whom were at fault in this delay and both of
whom had a reasonable expectation to rely on counsel for legal representation.

25.     On June 19, 2020, Attorney A submitted a response to Defendants' Request for

Evidence ("RFE") dated April 30, 2020, seeking additional information to classify Plaintiff

Bhoom Korpol as a H-1B visa holder, including information establishing that his position is in

fact a Specialty Occupation, that he in fact possesses the necessary credentials to perform that

position, and that the company Petitioner typically requires candidates for the position to possess

those credentials.  The RFE contained no further inquiry concerning the reasons why his

employer's request for change of employer was filed on an expired form.

26.     On July 8, 2020, Defendants, under the authority of USCIS, issued a Decision

denying his application for Change of Employer.  Neither Plaintiff nor his employer has received

any explanation of such notice explaining the reasons for Defendants' decision.

27.     The July 8, 2020 Decision also did not acknowledge or address the evidence of

the administrative record, including the March 20, 2020 letter from Attorney X, which explained

the extraordinary circumstances surrounding submission of Plaintiff Bhoom Korpol's application

10

after the expiration of his period of H-1B authorized stay and the information submitted in response to the April 30, 2020 RFE.

28.     If Plaintiffs are left with no choice but to return to India, this would result in considerable hardship for them, their family in India, and their children.

29.     This hardship would be further compounded by potential harm to Plaintiffs' youngest daughter Aditi, who is a US citizen who was born premature at 28 weeks of gestation, and who is susceptible to respiratory illnesses due to immature lung development at the time of birth.  Her doctors have recommended that her exposure to illnesses that impact the respiratory system be severely limited.  Travel during the global pandemic would unnecessarily place Aditi at a great risk of contracting COVID-19, which is known to have severe impacts on the respiratory system, especially for people like her with preexisting conditions. Considering the likelihood of exposure in airports, while on flights, and in hotels, Aditi's current pediatrician has recommended avoiding travel during the COVID-19 pandemic.

30.     Under Indian government directives in effect as of the date of this complaint, Plaintiffs and their children would be required upon arrival in India to be quarantined for a period of fourteen days.  Then, they would likely have to stay with Plaintiff Bhoom Korpol's brother, though he is not necessarily aware of whether that would be possible.  As H-1B and H-4 recipients, Plaintiffs may be subject to the "Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market Following the Coronavirus Outbreak" (PP. 10014)[2], issued by June 22, 2020.  Given that Plaintiffs may be viewed as having been out of status on June 24, 2020, they may be subject to provisions banning entry of H-1B holders and their derivative family members through at least December 31, 2020.  At the same time, the U.S.

---

[2] https://www.whitehouse.gov/presidential-actions/proclamation-suspending-entry-aliens-present-risk-u-s-labor-market-following-coronavirus-outbreak/ (last visited July 24, 2020).

65001780v.3

Embassy in New Delhi is effectively closed and has been cancelling consular appointments since March 16, 2020.  While there is ordinarily a wait of several weeks for a visa interview appointment in Delhi, that wait is likely to be considerably longer given the backlog that will have accumulated by the time the embassy is able to resume normal processing and the Plaintiffs become once again eligible for H-1B and H-4 visas.

31.     This delay means that Plaintiffs and their children will likely be stranded in India without employment for several months were they to ultimately need to return to India.

32.     Additionally, Plaintiff Bhoom Korpol has been unable to work in the meantime as a result of the expiration of his visa, and he has been unable to work on key ongoing projects, presenting serious hardship to Plaintiff Bhoom Korpol.

## VIII.   LEGAL BACKGROUND

### A.   Unlawful Presence and Statutory Tolling

33.     Section 212(a) of the INA, codified at 8 U.S.C. § 1182(a), entitled "[c]lasses of aliens ineligible for visas or admission," contains a comprehensive list of noncitizens who are ineligible to receive visas and are inadmissible to the United States.  In 1996, Congress amended this section to include new grounds of visa ineligibility and inadmissibility for certain aliens who had remained in the United States, while in a condition known as "unlawful presence," beyond the period authorized by the Attorney General.  *See* Section 301(b)(1) of Title III of Pub. L. 104–208.

34.     The INA defines "unlawful presence."  *See* 8 U.S.C. § 1182(a)(9)(B)(ii), which provides:

> Construction of unlawful presence.  For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled.

35.     Following enactment of the Homeland Security Act of 2002, Pub. L. 107–296, references in the INA to the authority of the Attorney General, unless otherwise expressly specified, now refer to the powers of the Secretary of DHS.  *See* 8 U.S.C. § 1103(a)(1).

36.     Unlawful presence (meaning remaining longer than authorized by DHS) must be distinguished from unlawful immigration status (also referred to as a failure to maintain status, or, a violation of status).  Unlawful presence and unlawful status are not synonymous.  Lawful status can be granted for a set period of time or for duration of status, and staying longer than allowed or violating the terms and conditions associated with a grant of status may cause a noncitizen to be in violation of immigration status but not necessarily in a condition of unlawful presence.  *See*, *e.g.*, *Guilford Coll. v. McAleenan*, 389 F. Supp. 3d 377, 394 (M.D.N.C. 2019) (involving a preliminary injunction against USCIS enjoining a proposed change in the agency's policy on unlawful presence).  *See generally* 8 U.S.C. § 1227(a)(1)(C) (violation of status) and 8 C.F.R. § 214.1 (failure to maintain status).

37.     Under 8 U.S.C. § 1182(a)(9)(B)(i)(I), certain duly inspected and admitted noncitizens who remain in the U.S. more than 180 days but less than one year beyond the period authorized and who then voluntarily depart the U.S. before the commencement of removal proceedings are ineligible to receive a visa or be admitted to the United States for a period of three years (the "three-year bar").

38.     Under 8 U.S.C. § 1182(a)(9)(B)(i)(II), any noncitizen who has been unlawfully present in the United States for one year or more, is ineligible to receive a visa or be admitted to the country for ten years from the date of the individual's departure or removal from the United States (the "ten-year bar").

39.     The INA also establishes a 120-day statutory tolling or extension of the authorized period of stay for purposes of the three-year bar.  Statutory tolling is available for any noncitizen who has been lawfully admitted or paroled into the United States, has filed a non-frivolous application for a change or extension of status before the date of expiration of the period of stay authorized, and has not been employed without authorization in the United States before or during the pendency of such application.  *See* 8 U.S.C. § 1182(a)(9)(B)(iv).

40.     Section 1182(a)(9)(B), however, does not expressly restrict the application of the judicially created principle of equitable tolling, or the principle of tolling as a matter of agency policy.  Moreover, this section does not expressly address the situation where extraordinary circumstances should be considered as a mechanism to excuse an untimely filing of a request for extension of status, as envisioned in 8 C.F.R. § 214.1(c)(4).

### B.     May 6, 2009 USCIS Policy Memorandum on Tolling of Unlawful Presence

41.     On May 6, 2009, USCIS issued a policy memorandum entitled, "Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 212(a)(9)(C)(i)(I) of the [INA]," available at: https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/2009/revision_redesign_AFM.PDF (last visited July 29, 2020) (the "May 2009 Policy Memorandum" or the "Policy Memorandum"), which is captioned as a "Revision to and Re-designation of Adjudicator's Field Manual (AFM) Chapter 30.1(d) as Chapter 40.9 (AFM Update AD 08-03)."

42.     The May 2009 Policy Memorandum (at p. 1) states that "USCIS intends [the newly re-designated] AFM Chapter 40.9 to provide comprehensive guidance to adjudicators concerning the accrual of unlawful presence and the resulting inadmissibility."

14

43.     The May 2009 Policy Memorandum also expressly rescinded prior USCIS and INS policy memoranda on unlawful presence, noting (at p. 3) that "[over] the last ten (10) years, the determination of what constitutes 'unlawful presence' has been the subject of various interpretations . . . ." The Policy Memorandum then stated that "[in] general, the consequences of accruing unlawful presence depend on the immigration status of an individual, the particular type of benefit or relief sought, and whether the denial of the benefit is subject to administrative and judicial review." *Id.*

44.     The Policy Memorandum also acknowledged that there are "situations in which an alien who is actually in an unlawful immigration status is, nevertheless, protected from the accrual of unlawful presence." *Id.*

45.     The Policy Memorandum (at p. 35) identified one such situation involving an extension of status and the non-accrual or administrative tolling of unlawful presence as a matter of agency policy, namely, the application of 8 C.F.R. § 214.1(c)(4) under which USCIS's "policy" provides that an untimely request for extension of status "may be excused" in the exercise of the agency's discretion:

> **[According] to USCIS policy, an alien does not accrue unlawful presence (the accrual of unlawful presence is tolled), and is considered in a period of stay authorized for purposes of sections 212(a)(9)(B)(i)(I), (B)(i)(II), and (C)(i)(I) of the [INA] during the entire period a properly filed EOS [extension of status] . . . application is pending, if the EOS . . . application meets the following requirements:**
>
>> the non-frivolous request for EOS . . . was filed timely.  To be considered timely, the application must have been filed with USCIS, i.e. be physically received (unless specified otherwise, such as mailing or posting date) before the previously authorized stay expired.  *See* 8 C.F.R. 103.2(a)(7); 8 C.F.R. 214.1(c)(4); 8 C.F.R. 248.1(b).  **An untimely request may be excused in USCIS' discretion pursuant to 8 C.F.R. 214.1(c)(4)** . . . ; and
>>
>> the alien did not work without authorization before the application for EOS . . . was filed or while the application is pending; and

the alien has not failed to maintain his or her status prior to the
filing of the request for EOS . . . .

**If these requirements are met, the period of authorized stay**
covers the 120-day tolling period described in section
212(a)(9)(B)(iv) of the [INA] and **extends to the date a decision
is issued on the request for EOS** . . . .

(Emphasis added.)

46.     The Policy Memorandum defines "non-frivolous" (at p. 36) as follows:

To be considered non-frivolous, the application must have an arguable basis in
law and fact, and must not have been filed for an improper purpose (such as to
prolong one's stay to pursue activities inconsistent with one's status).  In
determining whether an [extension of status] . . . application was non-frivolous,
DOS [the U.S. Department of State] has instructed consular posts that it is not
necessary to make a determination that USCIS would have ultimately ruled in
favor of the alien.

47.     The Policy Memorandum does not definitively state whether the accrual of

unlawful presence is tolled in the situation presented by the case at bar.  The USCIS's denial of

the petition to extend Plaintiff Bhoom Korpol's employer's H-1B nonimmigrant visa status and

Change of Employer application provided no reasoning in support of the decision.  Thus,

USCIS's denial left Plaintiff Bhoom Korpol with no option but to speculate whether the

unlawful-presence bar on reentry for three years would apply to him.

## C.     Administrative Procedure Act

48.     Under the APA, a reviewing court will not overturn agency action denying a

request for an immigration benefit unless the decision is determined to be "arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A); *Doe v.*

*U.S. Citizenship & Immigration Servs.*, 410 F. Supp. 3d 86, 95 (D.D.C. 2019).  Courts have

found that federal immigration authorities "abuse . . . [their] discretion by making decisions

without rational explanation, departing inexplicably from established policies . . ." *Rodriguez-*

*Rivera v. INS*, 993 F.2d 169, 170 (8th Cir. 1993) (per curiam) (citing *Garcia-Lopez v. INS*, 923

16

F.2d 72, 74 (7th Cir. 1991)); *see also Navarro-Aispura v. INS*, 53 F.3d 233, 235-36 (9th Cir.

1995) (refusing to give deference to immigration agency's application of its regulation where the

decision was not supported by a rational explanation); *Camarena v. Meissner*, 78 F. Supp. 2d

1044, 1047 (N.D. Cal. 1999) (an INS decision must be overturned if it was irrational or did not

offer a reasoned explanation for its decision).

49.     To be sure, in appropriate circumstances courts should defer to an agency's

construction of its own regulations, *Kisor v. Wilkie*, 139 S. Ct. 2400, 2408 (2019), but an agency

abuses its discretion when it fails to comply with those regulations.  *See Andriasian v. INS*, 180

F.3d 1033, 1046 (9th Cir. 1999) ("It is the failure to abide by its own regulations that renders the

BIA's decision 'contrary to law'. . . and therefore an abuse of discretion.") (internal citation

omitted).  An abuse of discretion will also be found if the decision is unsupported by substantial

evidence.  *Fogo de Chao (Holdings) Inc.*, 769 F.3d at 1146-47.  Under the substantial evidence

test, "an agency is generally under at least a minimal obligation to provide adequate reasons

explaining why it has rejected uncontradicted evidence."  *Soltane v. U.S. Dept. of Justice*, 381 F.

3d 143, 151 (3d. Cir. 2004).

> **D.     USCIS's Failure to Consider Extraordinary Circumstances under 8
> C.F.R. § 214.1(c)(4) as an APA Violation**

50.     The APA requires a reversal of agency action as "arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law," and a remand back to the agency, when

USCIS fails "to provide a reasoned explanation or substantial evidence for its decision" in a case

raising the issue of "whether the mistake made by Plaintiff's counsel, the fact and nature of

which are not disputed, constituted an 'extraordinary circumstance'" under 8 C.F.R. §

214.1(c)(4).  *See Hovhannisyan v. US Dept. of Homeland Sec.*, 624 F. Supp. 2d 1135, 1150, 1152

(C.D. Cal. 2008).

51.     Under the APA, USCIS is required to "cogently explain why it has exercised its discretion in a given manner . . . based on a consideration of relevant factors." *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 48 (1983).

## IX.     STATEMENT OF CLAIM

On March 23, 2020, Defendants, through USCIS, received Plaintiff Bhoom Korpol's duly executed and non-frivolous application on Form I-129, enclosing the required filing fee in the proper amount, together with extensive documentary evidence of eligibility, requesting a change of employer and retroactive restoration and extension of his H-1B nonimmigrant visa status pursuant to 8 C.F.R. § 214.1(c)(4).  This regulation authorizes USCIS to excuse a lapse in nonimmigrant visa status and retroactively restore and extend status if an application submitted after the applicant's period of authorized stay has expired, upon the satisfaction of certain conditions:

> [Failure] to file before the period of previously authorized status expired may be excused in the discretion of the Service [USCIS] and without separate application, with any extension granted from the date the previously authorized stay expired, where it is demonstrated at the time of filing that:
>
> > (i)     The delay was due to extraordinary circumstances beyond the control of the applicant or petitioner, and the Service finds the delay commensurate with the circumstances;
> >
> > (ii)     The alien has not otherwise violated his or her nonimmigrant status;
> >
> > (iii)     The alien remains a bona fide nonimmigrant; and
> >
> > (iv)     The alien is not subject of deportation proceedings under section 242 of the [INA] (prior to April 1, 1997) or removal proceedings under section 240 of the [INA].

52.     Following issuance by USCIS of an RFE, and the submission of proof of extraordinary circumstances beyond the control of Plaintiffs, namely, evidence of the office

failure of Firm A, and the other required elements of proof listed in 8 C.F.R. § 214.1(c)(4),

Defendants, through USCIS, on July 8, 2020, summarily denied the application without

expressly acknowledging or evaluating the evidence.

53.     The USCIS decision denying his application for change of employer also did not

expressly state that Plaintiffs were in the U.S. in violation of law or that they were in a condition

of unlawful presence.  Moreover, the decision did not address the May 2009 Policy

Memorandum or address whether the accrual of unlawful presence should be administratively

tolled pursuant to established agency policy reflected in the Policy Memorandum, or based on

the jurisprudential principle of equitable tolling, due to the admitted office failure of Firm A.

Further, the decision failed "to provide a reasoned explanation or substantial evidence for its

decision," and left Plaintiffs to speculate whether – in order to avoid a ten-year unlawful

presence bar to reentry – they must take immediate steps to arrange his departure from the

United States.

54.     Based on Defendants' arbitrary and capricious acts and omissions, their abuse of

discretion, and their unlawful acts, and in order to avoid a ten-year unlawful presence bar and

other harsh legal consequences under the INA, similarly attributable to Defendants, Plaintiffs

must, and intend to, depart the U.S. for India, while the COVID-19 pandemic is raging,

endangering their entire family, but especially their youngest daughter, who is a U.S. citizen and

uniquely susceptible to respiratory ailments.

## X.   COUNT ONE

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701, *ET SEQ.*, THE IMMIGRATION AND NATIONALITY ACT AND ITS IMPLEMENTING REGULATIONS – DENIAL OF H-1B EXTENSION OF STATUS APPLICATION AND DETERMINATION CONCERNING UNLAWFUL PRESENCE

55.     Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 54 above.

56.     Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706.

57.     A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

58.     Defendants denied Plaintiff Bhoom Korpol's employer's petition to extend his H-1B nonimmigrant visa status application for retroactive restoration and extension of his H-1B visa status on grounds that are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, by holding that the evidence in the record was insufficient to establish that the regulatory requirements for USCIS to excuse an untimely-filed application based on extraordinary circumstances as set forth in 8 C.F.R. § 214.1(c)(4) had been satisfied.

59.     Plaintiff Bhoom Korpol's employer submitted more than sufficient evidence demonstrating that he satisfied the regulatory requirements prescribed in 8 C.F.R. § 214.1(c)(4) to merit an approval of his application to extend his H-1B status.

60.     Defendants failed "to provide a reasoned explanation or substantial evidence for its decision," and left Plaintiffs to speculate whether – in order to avoid a ten-year unlawful presence bar to reentry – they must take immediate steps to arrange their prompt departure from the United States.

61.     Defendants failed to apply the administrative tolling provision of the May 2009 Policy Memorandum calling for the suspension of the accrual of the period of unlawful presence, and failed to clearly inform Plaintiff Bhoom Korpol of the legal consequences flowing from their denial of his application.

62.     In the alternative, the Policy Memorandum, to the extent it may be construed to apply adversely to Plaintiffs, constitutes an unlawful legislative rule published without satisfactory compliance with the obligation of the APA to afford the public with advance notice and an opportunity to comment, and is thus unlawful.

63.     Defendants' errors, singly and in combination, were arbitrary, capricious, an abuse of discretion, and in violation of law and agency regulations.  Consequently, Defendants acted arbitrarily, capriciously, and unlawfully in violation of the APA, the INA, and applicable regulations by denying Plaintiff Bhoom Korpol's employer's petition to extend Plaintiff Bhoom Korpol's employer's H-1B nonimmigrant visa status application.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Declare that Defendants' determination that Plaintiff Bhoom Korpol had not established in his application grounds sufficient to satisfy 8 C.F.R. § 214.1(c)(4) was arbitrary and capricious, an abuse of discretion, and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A), the INA and the Defendants' own regulations;

2.     Declare that the May 2009 Policy Memorandum, to the extent it may be construed to apply adversely to Plaintiffs' circumstances, constitutes an unlawful legislative rule published without satisfactory compliance with the obligation of the APA to afford the public advance notice and an opportunity to comment, and as such is arbitrary and capricious and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A), and the INA;

3.      Declare that sufficient evidence exists in the administrative record establishing that Plaintiff Bhoom Korpol has satisfied the "extraordinary circumstances" requirements and the other requirements of 8 C.F.R. § 214.1(c)(4);

4.      Declare that Plaintiffs shall not be construed as having been in any period of unlawful presence, or that the accrual of unlawful presence was suspended or tolled during the period when his application for change of employer and retroactive restoration and extension of his H-1B status was pending adjudication by Defendants;

5.      Vacate the denial of Plaintiff Bhoom Korpol's application for extension and remand this matter to Defendants with instructions that, within ten days of the date of the Court's order, they shall issue a new decision on his application for change of employer, retroactive restoration and extension of his H-1B visa status, as well as a decision on Plaintiff Sravani Korpol's H-4 extension;

6.      Issue a preliminary injunction precluding Defendants from engaging in any enforcement action relating to any lapse in Plaintiff Bhoom Korpol's H-1B visa status or Plaintiff Sravani Korpol's H-4 visa status;

7.      Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law;

8.      Reserve jurisdiction in this matter; and

9.      Grant such other relief as the Court deems just, equitable and proper.

DATED:  July 28, 2020

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Leon Rodriguez*
Leon Rodriguez (D.C. Bar No. 476381)
*lrodriguez@seyfarth.com*
Charles Guzak (D.C. Bar No. 1616096)
*(Application for Admission Pending)*
*cguzak@seyfarth.com*
SEYFARTH SHAW LLP
975 F Street N.W.
Washington, DC 20004-1454
Telephone:  (202) 463-2400
Facsimile:  (202) 777-0790

*Counsel for Plaintiffs*

65001780v.3